UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| OMAR GUERRERO PARRA, JERRY WINKLER, and MICHELLE WINKLER individually, and on behalf of others similarly situated, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No.: 1:19-cv-01638 |
| v. | ) | |
| | ) | |
| UNIQUE HOME SOLUTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**COLLECTIVE ACTION COMPLAINT**

**I.    STATEMENT OF THE CASE**

1. Plaintiffs Omar Guerrero Parra, Jerry Winkler, and Michelle Winkler ("Plaintiffs"), individually and on behalf of all others similarly situated (the "FLSA Collective"), by and through their attorneys— Goodin Abernathy, LLP, bring this action against Unique Home Solutions, Inc. ("Defendant") for failing to pay their construction workers for all of their hours worked, and overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiffs states the following as their claims against Defendant.

**II.    JURISDICTION AND VENUE**

2. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

3.  Venue is proper in the United States District Court, Southern District of Indiana, pursuant to 28 U.S.C. § 1391, because Defendant resides in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

### III.    PARTIES

4.  Plaintiff, Omar Guerrero Parra ("Parra") is an adult resident of Marion County, Indiana.

5.  Plaintiffs, Jerry and Michelle Winkler ("Winklers") are husband and wife, and are adult residents of Marion County, Indiana.

6.  Plaintiffs are all home remodelers.

7.  Plaintiff, Parra, was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g), employed from August 2016 to February 10, 2018.

8.  Winklers were also employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g), employed at various times from September 2016 to January 28, 2019.

9.  Defendant Unique Home Solutions, Inc.("Unique") is an Indiana company with its principal place of business located at 5550 Progress Road, Indianapolis, IN 46241. Unique is an employer within the meaning of 29 U.S.C. § 203(d).

10. Unique commonly provides home improvement services including windows, siding, roofing, and bathrooms to customers in Indiana and Ohio.

11. Unique operates over multiple locations in Indiana and Ohio and employs over 250 employees.

12. Defendants directly employ skilled laborers including roofers, siders, window and bath installers (together "home remodelers or workers").

13. Defendants' gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

14. Defendants jointly employed or employ Plaintiffs and other similarly situated home remodelers.

#### IV.    FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

15. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

16. Plaintiffs and others similarly situated work or worked for Defendants as home remodelers during the past three years.

17. Plaintiffs and other similarly situated home remodelers perform remodeling work for customers throughout Indiana and Ohio.

18. Plaintiffs and other similarly situated home remodelers are not staffing or frontline supervisors responsible for hiring or terminating other home remodelers.

19. Defendants compensated Plaintiffs and other similarly situated workers on a piece rate basis.

20. Defendants suffered and permitted Plaintiffs and other similarly situated home remodelers to work more than forty (40) hours per workweek.

21. Defendants had a common policy of not paying Plaintiffs and the other similarly situated workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA.

22. Defendants did not keep track of employees hours, only paying them a piece rate (i.e., per individual job), rather than the legally required one and one-half times their regular rate of pay for hours worked over 40 in a given week.

23. For example, Defendants paid Plaintiffs while on the job site, but failed to pay Plaintiffs for additional hours of time spent at the shop, purchasing gas and materials, and driving to and from the various job sites.

24. Defendant does not pay for time Plaintiffs spent at the shop preparing materials and tools for their daily assigned jobs.

25. Defendant does not pay for the time required to travel to and from jobs.

26. Defendant did not always provided Plaintiffs, and other similarly situated employees with pay stubs.

27. Defendant did not keep track of employee hours worked, rather they rely on GPS data from work trucks to determine hours worked.

28. Defendant withheld a week of pay from Plaintiffs and other similarly situated employees, promising that it would be paid back when they left employment.

29. Defendant failed to pay Plaintiffs for repairs to jobs, only paying a piece rate, significantly less than the hourly rate for the time required to make the repair.

30. Defendants willfully operated under a common scheme to deprive Plaintiffs and other similarly situated workers of proper overtime compensation by paying them less than what is required under federal law.

31. As a home remodeling company operating in Indiana and Ohio, Defendant was or should have been aware that Plaintiffs and other workers performed work that required proper payment of overtime compensation.

32. Defendants knew that Plaintiffs and the other similarly situated workers worked overtime hours without receiving proper overtime pay because Defendants knew when Plaintiffs and the others similarly situated would arrive and return to the shop.

33. Defendant had written policies about how to effectively use time spent at the shop at the beginning and end of the day, as well as travel time, yet they refused to pay employees for this time.

34. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

35. Plaintiffs re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

36. Plaintiffs bring Count I below individually and on behalf of all individuals similarly situated, specifically:

37. All home remodelers, except staffing or frontline supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "FLSA Collective").

38. Plaintiffs consent in writing to assert their claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiffs signed consent forms are filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

39. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

40. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., and that have caused significant damage to Plaintiffs and the FLSA Collective.

41. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## VI.    COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
*On Behalf of Plaintiff and the FLSA Collective*

42. Plaintiffs, individually and on behalf of the FLSA Collective, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

43. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

44. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiffs and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

45. Plaintiffs and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

46. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiffs and the FLSA Collective.

47. Defendants knew Plaintiffs and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiffs and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

48. Defendants' willful failure and refusal to pay Plaintiffs and the FLSA Collective overtime wages for time worked violates the FLSA.  29 U.S.C. § 207.

49. As a direct and proximate result of these unlawful practices, Plaintiffs and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

### VII.    <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs, individually and on behalf of the proposed FLSA Collective, pray for relief as follows:

A.  A finding that Plaintiffs and the FLSA Collective are similarly situated;

B.  Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

C.  Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

D.  Judgment against Defendants for an amount equal to Plaintiffs' and the FLSA Collective's unpaid back wages at the applicable overtime rates;

E.  A finding that Defendants' violations of the FLSA are willful;

F.  An amount equal to Plaintiffs' and the FLSA Collective's damages as liquidated damages;

G.  All costs and attorneys' fees incurred prosecuting this claim;

H.  An award of any pre- and post-judgment interest;

I.  Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

J.  All further relief as the Court deems just and equitable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiffs*

Christopher E. Clark, #18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
05-014; 05-116